955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shafii A. SHAIBU, aka Donald Theodore Casper aka Kenneth C.
Sun aka Raymond Mueller Howell, Defendant-Appellee.
UNITED STATES OF America, Plaintiff-Appellee,
v.
Shafii A. SHAIBU and Edward Omiunu, Defendant-Appellant.
 Nos. 90-30288, 90-30220 and 90-30253.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1991.*
Decided Feb. 20, 1992.
 
 Before D.W. NELSON, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Co-defendants Shafii A. Shaibu and Edward Omiunu challenge the denial of their motions for a judicial recommendation against deportation (JRAD) following their convictions.[1] Shaibu additionally appeals his sentence. We hold that (1) the district court properly denied the JRAD motions, and (2) this court lacks jurisdiction to review a sentence that is within the correctly applied guideline range and not imposed in violation of law.
 
 DISCUSSION
 1. The JRAD Motions
 
 3
 Shaibu and Omiunu are subject to future deportation pursuant to 8 U.S.C. § 1251(a)(4) (1982), which provides for deportation of any alien who is convicted of a crime of moral turpitude within five years of entry or two crimes involving moral turpitude which do not arise out of a single scheme of criminal misconduct.[2] Shaibu and Omiunu moved for a judicial recommendation against deportation (JRAD) pursuant to 8 U.S.C. § 1251(b).[3] The district court declined to make such a recommendation. Shaibu and Omiunu appeal that decision. We review a JRAD decision for abuse of discretion. See United States v. Quintana, 914 F.2d 1409, 1410 (10th Cir.1990).
 
 
 4
 a. Shaibu
 
 
 5
 In enacting § 1251(b), Congress wished "to provide for judicial relief from deportation when deportation would constitute an unduly harsh penalty." Janvier v. United States, 793 F.2d 449, 453 (2nd Cir.1986). Congress entrusted this decision to the sentencing judge, who best knows the facts of the case, and who is in a position to determine whether the drastic penalty of deportation is warranted. Id. Thus, § 1251(b) is inherently discretionary. Nothing in the language or the legislative history of § 1251(b) requires a district judge to exercise his or her discretion in favor of granting a JRAD motion.
 
 
 6
 Appellant Shaibu committed an act which falls squarely within the terms of § 1251(a)(4). The crime required more than minimal planning, took place over several months and resulted in a substantial loss to the financial institutions. It was clearly not an impulse of the moment nor the product of one lapse of judgment in an otherwise impeccable record. Although Shaibu's prior conviction had been overturned because of improper seizure of evidence, the sentencing judge could observe Shaibu's criminal conduct which extended over a period of years. The district court did not abuse its discretion in denying his JRAD motion.
 
 
 7
 b. Omiunu
 
 
 8
 Omiunu raises two issues in his appeal. Like Shaibu, he appeals the district court's decision to deny his JRAD motion. This was Omiunu's second felony conviction in less than five years, and he was on parole from the first conviction when he committed the present offense. The district court did not abuse its discretion in denying his JRAD motion.
 
 
 9
 Omiunu also raises an ineffective assistance of counsel claim. If a defendant's legal representation at trial was so inadequate as obviously to deny a defendant's constitutional right to counsel or right to a fair trial, the trial court's failure to remedy the problem may constitute plain error. See United States v. Wagner, 834 F.2d 1474, 1482 (9th Cir.1987). Absent such a constitutional violation, a claim of ineffective assistance of counsel is not reviewable on direct appeal. See United States v. Rewald, 889 F.2d 836, 859 (9th Cir.), as amended 902 F.2d 18 (9th Cir.), cert. denied, 111 S.Ct. 64 (1990). The proper method for raising this type of claim is through a Section 2255 habeas proceeding, so that the factual background of the claim can be fully developed. See Rewald, 889 F.2d at 859. Even if we assume, for purposes of discussion, that a right to counsel attaches at the JRAD proceedings, we do not find an obvious constitutional violation in the facts of this case. Omiunu's counsel did everything possible to properly present Omiunu's JRAD appeal. Counsel raised the JRAD motion below, appealed the sentencing judge's decision, and properly presented the issue to this court. Therefore, Omiunu's ineffective assistance of counsel argument is not tenable.
 
 
 10
 Finally, we grant Omiunu's attorney's motion to withdraw since the appeal does indeed appear to be frivolous. Shaibu's motion for removal of appointed counsel is denied as moot.
 
 
 11
 AFFIRMED.
 
 2. Shaibu's Sentence
 
 12
 This court lacks jurisdiction to review a sentence that is within the correctly applied guideline range and not imposed in violation of law. 18 U.S.C. § 3742(a). United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990).
 
 
 13
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The jurisdictional basis for this appeal is the subject of a separate published opinion
 
 
 [2]
 Any alien in the United States shall be deported who:
 (4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefore and regardless of whether the convictions were in a single trial.
 8 U.S.C. § 1251(a)(4).
 
 
 [3]
 8 U.S.C. § 1251(b) provides:
 [I]f the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter.