## MATTER OF BATTEN

### In Deportation Proceedings

#### A-2997296

*Decided by Board August 17, 1965*

Conviction of conspiracy to embezzle and misapply funds, monies and securities in violation of the Federal Reserve Act (18 U.S.C. 656) is conviction of a crime involving moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted after entry of two crimes involving moral turpitude, to wit: larceny of property and conspiracy in violation of the Federal Reserve Act of embezzling and misapplying funds, monies and securities.

The respondent, a native and citizen of Canada, appeals from an order entered by the special inquiry officer on April 20, 1965 directing his deportation on the charge stated in the order to show cause. Exceptions have been taken to the finding that the respondent's conviction for conspiracy to violate Title 18, U.S.C., section 656, is a crime involving moral turpitude.

The respondent, a married male alien, 51 years of age last entered the United States through the port of Detroit, Michigan on or about October 24, 1933. He concedes that he was convicted in the Recorder's Court, Detroit, Michigan on July 13, 1935, for the offense of larceny of property. It is conceded that this offense involves moral turpitude.

The respondent was convicted in the United States District Court, Detroit, Michigan, on April 23, 1964, for the offense of conspiracy in violation of Federal Reserve Act, 18 U.S.C. 656, for embezzling and misapplying funds, monies and securities. The issue before us is whether the offense defined by 18 U.S.C. 656 [1] is a crime involving moral turpitude.

---

[1] The pertinent portion of Title 18, U.S.C., 656 reads as follows:

Whoever, being an officer, director, agent or employee of, or connected in any capacity with any Federal Reserve bank, member bank, national bank or

The statute punishes embezzling, abstracting, purloining and willfully misapplying any funds or monies. The indictment (Ex. 3) charges the respondent as a co-conspirator with one, Charles Graul (an officer of the bank) "did unlawfully, wilfully and knowingly and feloniously conspire, combine, confederate and agree together, and each with the other, and diverse other persons presently unknown . . . to embezzle, abstract, purloin and wilfully misapply and cause to embezzle, abstract and wilfully misapply monies, funds, securities and credits, which were entrusted to the custody, care and control of the National Bank of Wyandotte, 2517 Fort Highway, Wyandotte, Michigan, a Member of the Federal Reserve System, and to the custody and care of Charles Graul, a Vice-President and Branch Manager of the said National Bank of Wyandotte, in violation of section 656, Title 18, U.S.C."

It has been held that conspiracy to commit an offense does not involve moral turpitude unless the substantive offense, the object of the conspiracy itself, involves moral turpitude. *Matter of G—*, 7 I.&N. Dec. 114, citing *Mercer v. Lence*, 96 F.2d 122; cer. den. 305 U.S. 611. The question to be resolved is whether the substantive offenses of embezzlement, abstraction, purloining and wilfully misapplying money belonging to the National Bank of Wyandotte involve moral turpitude. While the statute may include offenses which do and other which do not involve moral turpitude, we of course must look to the record of conviction to determine which portion of the statute was violated. *Matter of C—*, 5 I. & N. Dec. 65; *Matter of R—*, 6 I. & N. Dec. 444.

There is no question but that embezzling or purloining involves moral turpitude. The issue presented is whether the offenses of abstracting or wilfully misapplying funds involves moral turpitude.

Counsel maintains that since there is no reference to an intent to defraud in the statute and since there is no such charge in the indictment the respondent must be deemed to have plead guilty to the least imaginable offense defined by the statute, namely, "A wilful misapplication of funds with intent to injure." Counsel urges that this offense does not involve moral turpitude because there is

insured bank, or a receiver of a national bank, or any agent or employee of the receiver, or a Federal Reserve Agent, or an agent or employee of a Federal Reserve Agent or of the Board of Governors of the Federal Reserve System, embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank or any moneys, funds, assets or securities intrusted to the custody or care of any such bank or to the custody or care of any such agent, officer, director, employee or receiver, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

272

no allegation that there was a misapplication of funds with an intent to defraud.

It has been consistently held that an intent to injure or defraud the bank is an element of the offense defined by 18 U.S.C. 656 despite the fact that such an intent is omitted from the statute. *Golden* v. *United States*, 318 F.2d 357 (C.A. 1, 1963); *Seals* v. *United States*, 221 F.2d 243; *Ramirez* v. *United States*, 318 F.2d 155 (C.A. 9, May 1963); *Logsdon* v. *United States*, 253 F.2d 12; *Williamson* v. *United States*, 332 F.2d 123; *United States* v. *Matot*, 146 F.2d 197, 198 (C.A. 2). The court in the Ramirez's case (p. 158), (*supra*) said that "the words 'did wilfully misapply' constitute a sufficient charge of a criminal intent to defraud." According to the indictment the respondent and others entered into a conspiracy with an officer of the National Bank of Wyandotte, Michigan who in return for a fixed fee would approve loans in the name of a third party submitted for discount by an organization controlled by the respondent. The indictment charges embezzlement, purloining and misapplication of the funds of the bank as a result of this conspiracy. Under the circumstances we find that the offense of which the respondent was convicted involves moral turpitude. The appeal will be dismissed.

ORDER: It is directed that the appeal be and the same is hereby dismissed.