**UNITED STATES of America**

v.

**Ferguson GEORGE, a/k/a "Eugene John Freeman", Defendant.**

**No. 81 Cr. 882–CSH.**

United States District Court,
S. D. New York.

March 16, 1982.

David Scheinfeld, New York City, for Ferguson George.

Nina Rao Cameron, District Counsel, U. S. Immigration & Naturalization Service, New York City, for United States.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

On February 19, 1982, defendant Ferguson George pleaded guilty before this Court to a charge of falsely representing himself to be a citizen of the United States, in violation of 18 U.S.C. § 911. The crime consisted of defendant's presenting a South Carolina birth certificate which was not his, in support of his application for a United States passport. Defendant was sentenced to a probationary term of one year. At the time, defendant was also the subject of deportation proceedings initiated by the Immigration and Naturalization Service. Defendant now moves, pursuant to 8 U.S.C. § 1251(b), for a recommendation from this Court to the Attorney General that he not be deported. Notice of that application was made to INS, which opposes it.

I conclude that the application must be denied, because I lack jurisdiction to grant it. The judicial recommendation contemplated by § 1251(b) may issue only in respect of the provisions of § 1251(a)(4), which renders an alien subject to deportation if "convicted of a crime involving moral turpitude committed within five years after entry..." While a violation of 18 U.S.C. § 911 would be so regarded, it appears from the papers in opposition that, prior to his conviction on that charge, defendant had been served with an order to show cause why he should not be deported because he had stayed in the United States longer than he was authorized to do. Specifically, defendant entered the United States at the Virgin Islands in May 1966, as a non-immigrant visitor authorized to remain in the country only until November 1966. He remained thereafter without authority, and in consequence is deportable under 8 U.S.C. § 1251(a)(2). Under the plain wording of the statute, the judicial recommendation provided for by § 1251(b) is limited to that ground of deportation specified in § 1251(a)(2). The recommendation has no office to perform, and is simply not available, in respect of any other grounds for deportation specified under § 1251(a). The Ninth Circuit so held in *Jew Ten v. Immigration and Naturalization Service*, 307 F.2d 832 (9th Cir. 1962); I am neither cited to nor can discover any authority to the contrary, and the rationale of the Ninth Circuit in *Jew Ten* is entirely convincing.

Lacking jurisdiction to entertain the application, I am constrained to dismiss it, and do so.

It is So Ordered.