Daniel **DELGADO–CHAVEZ**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE,** Respondent.

No. 84–7127.

United States Court of Appeals, Ninth Circuit.

Submitted October 4, 1984.*

Decided July 9, 1985.

Gilbert Varela, Campos & Varela, Los Angeles, Cal., for petitioner.

Robert C. Bonner, Frederick M. Brosio, Jr., Dzintra I. Janavs, Los Angeles, Cal., for respondent.

Before BROWNING, Chief Judge, and WALLACE and POOLE, Circuit Judges.

PER CURIAM.

Daniel Delgado-Chavez, a citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA's) decision affirming the Immigration Judge's finding that Delgado-Chavez was deportable and not entitled to voluntary departure pursuant to 8 U.S.C. § 1254(e). We affirm.

At his deportation hearing, Delgado-Chavez conceded that he was deportable pursu-

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 3(f) and Fed.R.App. 34(a).

ant to 8 U.S.C. § 1251(a)(2) for remaining in the United States beyond the period he was authorized to stay. The Immigration Judge denied Delgado-Chavez's request for voluntary departure, citing petitioner's embezzlement conviction in state court. On appeal, Delgado-Chavez advised the BIA that the state court judge in his embezzlement trial issued a recommendation against deportation. The BIA nevertheless dismissed the appeal. Delgado-Chavez maintains that pursuant to 8 U.S.C. § 1251(b)(2), his embezzlement conviction should not have been considered in connection with his application for voluntary departure.

■ In lieu of deportation, the Attorney General has discretion to allow an alien to depart the United States voluntarily; to obtain such relief, an alien must establish that he or she is and has been a person of good moral character for at least five years prior to the application for voluntary departure. 8 U.S.C. § 1254(e). Compliance with the statutory requirements for suspension of deportation does not automatically entitle an alien to such relief—it is a matter of discretion and administrative grace. *United States ex rel. Hintopoulos v. Shaughnessy*, 353 U.S. 72, 77, 77 S.Ct. 618, 621, 1 L.Ed.2d 652 (1957).

■ Delgado-Chavez's conviction for embezzlement is relevant to determining whether he is and has been a person of good moral character for purposes of granting him voluntary departure. Embezzlement, a crime which involves the intent to defraud, is a crime of moral turpitude, *see McNaughton v. INS*, 612 F.2d 457, 459 (9th Cir.1980). While the Immigration and Nationality Act provides that one who has committed a crime of moral turpitude shall not be found to possess good moral character, 8 U.S.C. §§ 1101(f)(3), 1182(a)(9), the BIA in this case recognized that convictions may not render an alien statutorily ineligible for voluntary departure. Rather, a conviction may be considered as an adverse factor in deciding whether the favorable exercise of discretion is warranted. *In re Seda*, 17 I. & N. Dec. 550, 554 (1980).

Delgado-Chavez, however, argues that pursuant to 8 U.S.C. § 1251(b)(2), the recommendation against deportation by the state court judge prevents consideration of his conviction in connection with his application for voluntary departure. Section 1251(b) provides, in relevant part, that

(b) The provisions of subsection (a)(4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply (1) in the case of any alien who has subsequent to such conviction been granted a full and unconditional pardon by the President of the United States or by the Governor of any of the several States, or (2) if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter.

Delgado-Chavez's argument lacks merit. Section 1251(b)(2) on its face applies not to applications for voluntary departure, but only to deportation proceedings based upon convictions of crimes of moral turpitude. Section 1251(b)(2) does not apply to deportation proceedings brought pursuant to provisions of the Immigration and Nationality Act other than § 1251(a)(4). *Jew Ten v. INS*, 307 F.2d 832, 835 (9th Cir.1962), *cert. denied*, 371 U.S. 968, 83 S.Ct. 551, 9 L.Ed.2d 538 (1963); *accord, United States v. George*, 534 F.Supp. 570, 571 (S.D.N.Y. 1982) (court held it lacked jurisdiction to hear a § 1251(b) application where the convicted alien was deportable for overstaying his visa under § 1251(a)(2)).

Nevertheless, in *Giambanco v. INS*, 531 F.2d 141 (3d Cir.1976), the Third Circuit held that a prior fraud conviction cannot be considered in determining whether an alien is entitled to adjustment of deportation status where there is a recommendation against deportation under 8 U.S.C. § 1251(b)(2)). *Id.* at 149.

The court in *Giambanco* maintained that allowing the INS to consider a conviction in adjustment of status proceedings when there is a recommendation against using the conviction as a basis for deportation renders meaningless the provisions of § 1251(b)(2) which provide for notice and an opportunity for a hearing to the INS *Id.* at 147. While this argument is not without appeal, the plain language of § 1251(b)(2) limits its application to deportation proceedings under § 1251(a)(4). Therefore, consideration of Delgado-Chavez's embezzlement conviction in connection with his application for voluntary departure was not erroneous.

AFFIRMED.