**66**

UNITED STATES of America, Plaintiff,

v.

Albert SUCKI, Defendant.

No. 90–CR–261.

United States District Court,
E.D. New York.

Oct. 16, 1990.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Steven R. Abrams, Asst. U.S. Atty., Brooklyn, N.Y., for U.S.

Diane Renwick, Legal Aid, Brooklyn, N.Y., for defendant.

Esmeralda Cabrera, Dist. Counsel, U.S. Dept. of Justice, I.N.S., New York City, for I.N.S.

MEMORANDUM AND ORDER

GLASSER, District Judge.

On June 7, 1990 the defendant pleaded guilty to a violation of 8 U.S.C. § 1324(a)(1)(D) in that he encouraged the entry of an alien into the United States knowing that the alien was not lawfully entitled to enter. He was sentenced to a term of three years on probation. Thereafter, a motion was filed on his behalf pursuant to 8 U.S.C. § 1251(b) requesting this Court to recommend to the Attorney General that the defendant not be deported. The defendant is a native of Jamaica, West Indies who arrived in the United States on August 21, 1988 and is currently classified with the Immigration and Naturalization Service (INS) as a resident alien.

Section 1251(b) provides, in relevant part, as follows:

(b) The provisions of subsection (a)(4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply ... (2) if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter. The provisions of this subsection shall not apply in the case of any alien who is charged with being deportable from the United States under subsection (a)(11) of this section.

The other subdivisions of § 1251 which have relevance to this proceeding are (a)(4) and (a)(13), which provide that an alien shall be deported upon the order of the Attorney General if the alien:

(4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry

is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial; or (B) is convicted of an aggravated felony at any time after entry;

\*     \*     \*     \*     \*     \*

(13) prior to, or at the time of any entry, or at any time within five years after any entry, shall have, knowingly and for gain, encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law;

The question presented by this motion is whether the Court is authorized by § 1251(b) to make the recommendation the defendant requests. For the reasons that follow the Court concludes that it is not and the motion is, therefore, denied.

The explicit direction of that section is that an alien may not be deported for the reasons specified in § 1251(a)(4) if the Court issues a recommendation against deportation. In the present case § 1251(a)(4) is not implicated because the crime of which this defendant was convicted was not one involving moral turpitude as that phrase is normally understood, *see, e.g., United States ex rel. Sollazzo v. Esperdy,* 187 F.Supp. 753 (S.D.N.Y.1960), *aff'd,* 285 F.2d 341 (2d Cir.), *cert. denied,* 366 U.S. 905, 81 S.Ct. 1049, 6 L.Ed.2d 204 (1961), and the defendant was not confined for a year or more. A fair reading of § 1251(b)(2) can only mean that the Court is limited to making recommendations in the case of a § 1251(a)(4) conviction. That conclusion, reached in *Jew Ten v. Immigration and Naturalization Service,* 307 F.2d 832, 834 (9th Cir.1962), *cert. denied,* 371 U.S. 968, 83 S.Ct. 551, 9 L.Ed.2d 538 (1963), is persuasive. *See also United States v. George,* 534 F.Supp. 570 (S.D.N.Y.1982).

Any deportation proceeding instituted against this defendant would be brought pursuant to § 1251(a)(13), *supra,* which is not embraced within the contemplation of § 1251(b)(2). The applicability to this defendant of § 1251(a)(13) is doubtful for the reason that there has been no indication that the defendant has acted for the purpose of gain.

Motion denied.