**Quais Naimul HASSAN, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 94–9580.

United States Court of Appeals,
Tenth Circuit.

Sept. 19, 1995.

departure, both by ignoring a valid judicial recommendation against deportation (JRAD), and by ignoring positive factors and "stacking" negative factors against him. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and now affirm.

Daniel C. Horne and Daniel M. Kowalski, Denver, CO, for petitioner.

Kristin A. Cabral and Mark C. Walters, Attorneys, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, for respondent.

Before BALDOCK, HOLLOWAY, and BRORBY, Circuit Judges.*

BALDOCK, Circuit Judge.

Quais Naimul Hassan (Petitioner) petitions this Court for review of a decision of the Board of Immigration Appeals (Board) which found him deportable under section 241(a)(9) of the Immigration and Nationality Act (Act), formerly codified at 8 U.S.C. § 1251(a)(9),[1] and denied him voluntary departure under section 244(e) of the Act, 8 U.S.C. § 1254(e). Petitioner contends that the Board erred when evaluating his request for voluntary

## I.

Petitioner is a native and citizen of Bangladesh. He entered the United States on or about January 18, 1988, as a nonimmigrant student. Shortly thereafter, petitioner pled guilty to burglary and theft in the First Judicial District Court, Cache County, Utah. The Utah court sentenced petitioner to a five-year term on the burglary count and a term of one to fifteen years on the theft count, and suspended imposition of this sentence.

An immigration judge (IJ) found petitioner deportable under then section 241(a)(4) of the Act.[2] The Board reversed this decision because the Utah court had suspended imposition of sentence, leaving no sentence in place to form the basis for deportation.

The Utah court then entered an amended judgment and sentence which imposed but suspended execution of petitioner's sentence. This amended judgment was presented to the IJ by the Immigration and Naturalization Service (INS) at a second deportation hearing. The IJ once again found petitioner deportable. The Board again reversed the IJ's determination, this time on procedural grounds.

After the second deportation hearing, the Utah court entered a third order entitled "Corrected Judgment, Sentence and Commitment" on June 22, 1990. On July 20, 1990, the Utah court, at petitioner's request,

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

1. Section 241(a)(9) of the Act may now be found at § 241(a)(1)(C)(i), 8 U.S.C. § 1251(a)(1)(C)(i), having been redesignated by section 602 of the Immigration Act of 1990, Pub.L. 101–649, 104

Stat. 4978 (enacted November 29, 1990). The redesignation does not apply to deportation proceedings for which notice was provided to the alien before March 1, 1991. *See* § 602 of the 1990 Act.

2. Section 241(a)(4) of the Act may now be found at 8 U.S.C. § 1251(a)(2)(A), having been redesignated by section 602 of the Immigration Act of 1990. *See* footnote 1 above.

also entered an "Order of Judicial Recommendation Against Deportation."[3]

A third deportation hearing was held on October 12, 1990. At this hearing, the INS raised as additional grounds for deportation petitioner's failure to maintain student status. Petitioner conceded deportability on this ground but requested voluntary departure, which the IJ denied.

The Board affirmed the IJ's decision ordering petitioner's deportation. The Board found that, considering the adverse and favorable factors of record, petitioner did not merit a grant of voluntary departure. Petitioner now challenges the Board's use of his guilty pleas as an adverse factor and its weighing of adverse and favorable factors in reaching its decision not to allow him voluntary departure.

## II.

Section 244(e)(1) of the Act, codified at 8 U.S.C. § 1254(e), permits the Attorney General, in her discretion, to grant voluntary departure to an alien otherwise deportable. To obtain such relief, the alien must demonstrate that he is and has been a person of good moral character for at least five years preceding the application. The Board concluded, based on petitioner's underlying guilty pleas coupled with other factors of record, that petitioner did not merit a discretionary grant of voluntary departure.

■ We first address petitioner's contention that the Board improperly considered his guilty pleas in evaluating voluntary departure. We review this question of law de novo. *Refahiyat v. United States Dep't of Justice INS*, 29 F.3d 553, 556 (10th Cir.1994).

Petitioner contends that the sentencing court entered a timely, valid JRAD which prevents consideration of his guilty pleas when evaluating discretionary relief. The INS argues that the purported JRAD was neither valid nor timely, and that even if it was, the guilty plea could be used against the alien in evaluating voluntary departure. For

the reasons stated below, we conclude that the JRAD was valid and timely, but did not prevent consideration of the guilty pleas.

■ Before its repeal, former section 241(b) of the Act (8 U.S.C. § 1251(b)) required that the court enter its recommendation against deportation *"at the time of first imposing judgment or passing sentence, or within thirty days thereafter"* (emphasis added). Petitioner was first sentenced in 1988. The JRAD was not entered until two years later, in 1990, within thirty days of the corrected judgment and sentence. Where a previous sentence is vacated and a new sentence validly imposed, the date of the second sentence serves as the "time of first imposing judgment" under the statute. A JRAD issued within thirty days of the new sentence is timely. *See Rashtabadi v. INS*, 23 F.3d 1562, 1568 (9th Cir.1994).

■ The INS further contends that the court's order was not intended to serve as a JRAD and is not in fact a valid JRAD. When an alien produces a facially valid JRAD, the burden of going forward with the evidence of its invalidity is on the INS. *Id.* at 1569.

■ The Utah court's order explicitly stated that it was granting petitioner's motion for a judicial recommendation against deportation. It then imposed certain "clarifications:"

1. This Court did not ever order deportation of the Defendant and does not now do so.

2. This Court has no jurisdiction over deportation, that matter is left to INS.

3. If INS does proceed with deportation, it is recommended that such be conducted on a voluntary basis by election of the Defendant, but if the Defendant does not elect to voluntarily leave the United States that the INS pursue their remedies at law.

4. It was the intent of this Court at the time of first passing sentence in Novem-

---

**3.** Section 241(b) of the Act allowed a sentencing court to make a binding recommendation that an alien not be deported. This provision, codified at 8 U.S.C. § 1251(b), has been repealed, effective November 29, 1990, by the Immigration Act of 1990, Pub.L. No. 101–649, § 505, 104 Stat. 4978, 5050 (1990).

ber, 1988 and is still the intent of the Court that the Defendant should leave the United States and not return. This Court however does not attempt to direct the procedure for departure or deny the Defendant an opportunity to voluntarily leave. He should however not ever return.

5. This Court imposed a prison sentence as required by law but did not intend that he serve a prison sentence. Imprisonment was ordered to facilitate the INS procedures and Defendant's leaving this country.

R. at 64–65.

The immigration judge aptly characterized this order as "the strangest judicial recommendation against deportation I've ever seen." *Id.* at 55. The order could have been clearer, but is sufficiently clear that we can infer the intent of the Utah court. Taken as a whole, we read the order as recommending that petitioner depart the United States, but that he be granted the opportunity to depart voluntarily in the first instance before being deported. Voluntary departure is the issue presented in this appeal. The Utah court's recommendation of voluntary departure appears to constitute a valid recommendation "against deportation" for this purpose. The INS has not met its burden of demonstrating the invalidity of this facially valid recommendation. Therefore, the issue of whether the guilty pleas could be considered where a JRAD existed is squarely presented.

■ Petitioner correctly notes that the Third Circuit has prohibited the use of a conviction subject to a valid JRAD as a factor in evaluating discretionary relief. *See Giambanco v. INS,* 531 F.2d 141, 147–48 (3d Cir.1976). The Seventh and Ninth Circuits, however, have reached the opposite conclusion. *See Oviawe v. INS,* 853 F.2d 1428, 1431–34 (7th Cir.1988); *Delgado–Chavez v. INS,* 765 F.2d 868, 869–70 (9th Cir.1985); *see also In re Gonzalez,* 16 I. & N. Dec. 134 (BIA 1977) (agency position in cases arising outside of Third Circuit).

We believe the position adopted by the Seventh and Ninth Circuits is the better rule. The plain language of 8 U.S.C. § 1251(b)(2) limits its application to deportation proceedings under 8 U.S.C. § 1251(a)(4). *Cf. United States v. Quintana,* 914 F.2d 1409, 1410 (10th Cir.1990) (limiting JRAD provision to offenses described in statute). We therefore join our sister circuits in holding that conviction of a crime may be considered as an adverse factor when evaluating an alien's request for discretionary relief, even though a valid judicial recommendation against deportation has been entered by the sentencing court. We extend this rule to use of the guilty plea underlying the conviction, which is itself a significant adverse factor. *See In re Seda,* 17 I. & N. Dec. 550, 550 (BIA 1980). Consideration of petitioner's guilty pleas to burglary and theft was not erroneous.

### III.

■ Petitioner contends that the Board improperly weighed the factors relevant to his request for voluntary departure. We evaluate the Board's weighing of factors pertinent to voluntary departure under an abuse of discretion standard. *Michelson v. INS,* 897 F.2d 465, 468 (10th Cir.1990). We have reviewed petitioner's arguments and the administrative record. Our review convinces us that the Board gave careful consideration and permissible weight to the relevant factors.

Petitioner argues that the Board failed to consider evidence of his rehabilitation. This argument does not find support in the record. Although the Board did not use the word "rehabilitation," it clearly described as favorable factors petitioner's work history and trustee status outside the detention facility since his incarceration there. Petitioner fails to point to any additional, factual evidence of rehabilitation which he presented but which was not considered by the Board.

Petitioner further complains that the Board characterized his six-year residency in the United States as "not a particularly long residence." R. at 6. The Board did not abuse its discretion in making this finding, particularly since petitioner committed his crimes within a year of entering the United States and has been subject to deportation proceedings ever since.

Finally, petitioner complains that the Board considered his guilty pleas and the

**270**

three-year university suspension which resulted from the charged conduct as separate adverse factors. We agree with the INS that petitioner's loss of student status is a significant factor in evaluating voluntary departure, which the Board could properly consider as a separate, adverse factor in exercising its discretion. We cannot conclude that the Board abused its discretion in denying voluntary departure to petitioner.

The petition for review is DENIED, and the decision of the Board of Immigration Appeals is AFFIRMED.