91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Lee TRAIL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70246.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1996.*
Decided July 15, 1996.
 
 Before: WOOD,** CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 David Lee Trail appeals a decision of the Board of Immigration Appeals affirming an Immigration Judge's decision denying his requests for suspension of deportation under 8 U.S.C. § 1254(a)(1) and voluntary departure under 8 U.S.C. § 1254(e). We affirm.
 
 I.
 
 3
 Trail is a native and citizen of Jamaica. When he came to the United States as a visitor in 1980 he was authorized to remain in the United States for a period not to exceed six months. On March 10, 1989, Trail was convicted in the State Court of Hawaii of manslaughter and was sentenced to probation and one year of incarceration. Finding that Trail "acted in a manner extremely close to self-defense," the trial court recommended against Trail's deportation. See 8 U.S.C. § 1251(b)(2).[1]
 
 
 4
 The BIA found and Trail concedes that Trail is deportable pursuant to section 241(a)(2) of the Immigration and Nationality Act for having remained beyond his authorized stay. See 8 U.S.C. § 1251(a)(1)(B).[2] He argues, however, that the BIA erroneously denied his application for suspension of deportation under 8 U.S.C. § 1254(a) and, as an alternative, for the privilege of voluntary departure under 8 U.S.C. § 1254(e).
 
 II.
 
 5
 To be eligible for a suspension of deportation and adjustment of status to that of an alien lawfully admitted for permanent residence, Trail must show, among other things, that he "has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and [ ] that during all of such period he was and is a person of good moral character." 8 U.S.C. § 1254(a)(1). A person may not be found to be of a good moral character if he "has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more" during the relevant time period. 8 U.S.C. § 1101(f)(7).
 
 
 6
 Trail argues that his confinement for more than 180 days during the seven years preceding his application for suspension of deportation does not preclude him from establishing his good moral character. Specifically, Trail argues that the judicial recommendation against deportation immunized him from the § 1101(f)(7) bar. In support of his argument, Trail relies upon the language of § 1251(b)(2). Trail's argument fails, however, because we have held that "the plain language of § 1251(b)(2) limits its application to deportation proceedings under § 1251(a)(4)." Delgado-Chavez v. INS, 765 F.2d 868, 870 (9th Cir.1985) (per curiam). Trail's deportation proceedings are not pursuant to § 1251(a)(4), and thus he is not entitled to the benefit of § 1251(b)(2).
 
 
 7
 Trail also argues that Matter of H--, 7 I & N Dec. 249 (BIA 1956), provides authority for the proposition that the judicial recommendation against deportation protects Trail from the § 1101(f)(7) statutory bar. Matter of H--, is inapplicable to this case because it involved a pardon, not a recommendation against deportation. Delgado-Chavez controls this case.
 
 III.
 
 8
 Trail argues in the alternative that he is entitled to voluntary departure pursuant to 8 U.S.C. § 1254(e). The Attorney General has discretion to grant voluntary departure if an alien establishes "to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary departure." 8 U.S.C. § 1254(e)(1).
 
 
 9
 Trail argues that § 1101(f)(7) does not bar a finding of good moral character for purposes of voluntary departure because the time accrued during the pendency of his appeal before the BIA may be counted toward eligibility for relief from deportation. See Sida v. INS, 783 F.2d 947, 950 (9th Cir.1986). Trail notes that the BIA rendered its decision on February 6, 1995. If Trail is allowed to count the time accrued on appeal, then the relevant five-year period began on February 6, 1990. Thus, Trail argues, even if he spent an entire year in confinement after his sentencing on March 10, 1989, he would have been confined for only 32 days of the five-year period.
 
 
 10
 We lack jurisdiction to consider this argument because Trail failed to raise it to the BIA. See Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987) ("Absent overriding justification, an alien must exhaust his administrative remedies prior to seeking review of a deportation order. Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.") (citations omitted).[3]
 
 IV.
 
 11
 Trail's imprisonment for more than 180 days during the relevant seven-year period precludes him from obtaining a suspension of deportation. We lack jurisdiction to decide whether Trail is entitled to accrue time on appeal towards the five-year period relevant to a request for voluntary departure. The decision of the BIA is therefore
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Although this provision, § 241(b) of the Immigration and Nationality Act, was repealed by § 505 of the Immigration Act of 1990, Pub.L. No. 101-649, 104 Stat. 4978, 5050 (1990), recommendations issued before its repeal retain their impact. See Rashtabadi v. INS, 23 F.3d 1562, 1568-70 (9th Cir.1994)
 
 
 [2]
 Prior to the Immigration Act of 1990, Pub.L. No. 101-649, § 602(a), 104 Stat. 4978, 5077-81 (1990), this provision was codified at 8 U.S.C. § 1251(a)(2)
 
 
 [3]
 We note, however, that § 1254(e) measures the five-year period from the date of the application for voluntary departure. The Immigration Judge denied voluntary departure on August 15, 1991, less than three years after Trail was sentenced