**NOT FOR PUBLICATION**

**FILED**

AUG 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SABLEEN SABNAT, | No. 18-71814 |
| Petitioner, | |
| v. | Agency No. A205-957-667 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 8, 2020
Honolulu, Hawaii

Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Petitioner Sableen Sabnat, a native and citizen of the Federated States of

Micronesia, petitions for review of a decision of the Board of Immigration Appeals

("BIA") dismissing her appeal of an Immigration Judge's ("IJ") removal order. In

its dismissal of Sabnat's appeal, the BIA concluded in an unpublished disposition

that Sabnat's prior conviction in Guam for theft of property held in trust, 9 Guam

Code Ann. § 43.60, was a crime involving moral turpitude ("CIMT"). The BIA

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

reasoned that a violation of section 43.60 is categorically a CIMT involving fraud and is also categorically a CIMT involving grave acts of baseness or depravity. Considering only the grounds on which the BIA relied in holding that section 43.60 constitutes a CIMT,[1] *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011); 8 U.S.C. § 1252(a)(2)(D), we grant Sabnat's timely petition for review and remand for any further proceedings.

1.     The BIA erred in concluding that Guam theft of property held in trust is categorically a CIMT involving fraud. Section 43.60 penalizes a broader range of conduct than the federal generic CIMT involving fraudulent conduct because it does not require a misrepresentation or falsehood, and because it does not require implicit fraudulent intent. *See Tijani v. Holder*, 628 F.3d 1071, 1075-76 (9th Cir. 2010); *Blanco v. Mukasey*, 518 F.3d 714, 719 (9th Cir. 2008). The BIA's reasoning otherwise, which is not persuasive enough to be entitled to deference under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), depends on inferring that whenever a person obtains section 43.60 property pursuant to an obligation or agreement and subsequently deals with that property as her own and fails to make the required disposition, a misrepresentation takes place. But such a violation of

---

[1] Because, as the Government argues, the BIA did not address whether section 43.60 constitutes a theft CIMT, and because our review is limited to the grounds the BIA relied on, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011), we do not consider in the first instance whether section 43.60 constitutes a CIMT.

trust does not necessarily require a false statement, and is not necessarily

fraudulent. *See State v. Johnson*, 880 P.2d 132, 134-36 (Ariz. 1994).[2]

The drafting history of the Model Penal Code section on which section 43.60

was modeled, *see* 9 Guam Code Ann. § 43.60 cmt. (citing Model Penal Code

§ 223.8), and the caselaw that informed that drafting, make clear that there is a

"realistic probability," *Escobar v. Lynch*, 846 F.3d 1019, 1024 (9th Cir. 2017), that

section 43.60 could be applied to non-turpitudinous conduct on account of this

overbreadth. *See* Model Penal Code § 223.8 cmt. at 256-58 (Am. Law Inst. 1980)

(providing examples of conduct that would violate the Model Penal Code provision

that do not necessarily require a misrepresentation or implicit fraudulent intent); *id.*

at 258-61 (emphasizing the importance of limits on the statute that would prevent it

from imposing criminal penalties on ordinary breach of contract).

---

[2] Nor is it relevant that section 43.60 bears some similarities to the offenses of misapplication of funds and embezzlement, because whether a particular jurisdiction's versions of those crimes constitute fraud CIMTs likewise depends on whether a misrepresentation or falsehood, or a fraudulent intent, are among the crimes' elements. *See Delgado-Chavez v. INS*, 765 F.2d 868, 869 (9th Cir. 1985) (holding that the petitioner's prior embezzlement offense was "a crime which involve[d] the intent to defraud," and concluding that the offense was a crime of moral turpitude); *McNaughton v. INS*, 612 F.2d 457, 459 (9th Cir. 1980) (concluding that a crime that had "intent to defraud as an element" constituted a fraud CIMT); *In re Batten*, 11 I. & N. Dec. 271, 273 (BIA 1965) (concluding that a misapplication of funds offense constituted a CIMT in part because it has "consistently" been interpreted to include as an element "intent to injure or defraud" the victim bank).

2.    The BIA also erred in concluding that Guam theft of property held in trust is categorically a CIMT involving vile, base, or depraved conduct.  Section 43.60 does not require proof of either an intent to injure or a protected class of victim, which typically would be required for a CIMT involving vile, base, or depraved conduct.  *See Linares-Gonzalez v. Lynch*, 823 F.3d 508, 514 (9th Cir. 2016).  Moreover, some of the conduct that realistically could be penalized as a violation of section 43.60 is as minor as conduct that we have held non-turpitudinous in other cases involving property offenses.  *See Rodriguez-Herrera v. INS*, 52 F.3d 238, 240-41 (9th Cir. 1995) (concluding that Washington malicious mischief did not amount to a non-fraudulent CIMT in part because a person could be convicted of malicious mischief for "destroying as little as $250.00 of another's property"); 9 Guam Code. Ann. § 43.20 (indicating that Guam's consolidated theft statute, of which section 43.60 is a part, penalizes thefts of property of as little as $50 or less).[3]  The BIA's contrary conclusion is unsupported and thus is not entitled to *Skidmore* deference.

---

[3] *Tijani*, on which the BIA relied, is inapposite because the crime at issue in *Tijani* amounted to a CIMT involving *fraud*, not a CIMT involving vile, base, or depraved conduct.  *See* 628 F.3d at 1075-79.

4

Accordingly, we grant Sabnat's petition and remand to the Agency for any further proceedings.

**PETITION GRANTED AND REMANDED.**