Teresa E. Storch, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

William L. Lutz, U.S. Atty., and Mary L. Higgins, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

### UNITED STATES of America, Plaintiff–Appellee,

v.

### Alfonso QUINTANA, a/k/a Poncho Quintana, Defendant–Appellant.

### No. 89–2132.

United States Court of Appeals, Tenth Circuit.

Sept. 20, 1990.

Before HOLLOWAY, Chief Judge, and SETH and LOGAN, Circuit Judges.

SETH, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

The defendant Alfonso Quintana, an alien, pled guilty to a charge of violation of 26 U.S.C. § 5861(d) and § 5871, for the possession of a sawed-off shotgun. Before being sentenced the defendant filed a Motion for Judicial Recommendation against Deportation apparently in reliance on 8 U.S.C. § 1251(b). The trial court during the sentencing proceedings denied the motion. In sentencing the court said:

"I take the position in most of these cases that the Immigration Department

is in a far better position, far better, to determine as to whether or not an individual should be deported than is this court, and I leave it up to them in practically every instance. So your motion for recommendation against deportation will be denied."

The trial judge did not state whether he did, or whether he could, "consider" the motion on its merits, and did not further describe his reasons for its denial.

The defendant on this appeal argues only as to the denial of the motion, and that the trial court should have "considered" it on the merits. It is urged that in not doing so the court abused its discretion.

We construe the trial court's statement, above quoted, to mean that it was not necessary under the applicable statute that the merits of the motion be considered. The crime to which the defendant pled guilty is one listed in 8 U.S.C. § 1251(a)(14) as one which specifically provides for deportation as do others listed in § 1251(a).

Defendant, as mentioned, seeks a recommendation by the judge binding on the INS pursuant to § 1251(b) that he *not* be deported. Defendant urges a construction of the statute on deportations to permit the trial judge to make a recommendation against deportation although his crime is one not mentioned in the statute as subject to such a recommendation.

In 8 U.S.C. § 1251(a)(4) it is provided that on order of the Attorney General an alien may be deported who is convicted of a crime involving moral turpitude (with certain conditions). The statute in another subsection, § 1251(a)(14), provides for deportation if convicted, as was appellant, for possessing or carrying a sawed-off shotgun.

■ The section sought to be applied by the defendant, and which provides for a binding recommendation by the judge against deportation, is § 1251(b). This subsection states in part:

"The provisions of subsection (a)(4) of this section respecting the deportation of an alien convicted of a crime or crimes [involving moral turpitude] shall not apply ... if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence ... a recommendation to the Attorney General that such alien not be deported.... The provisions of this subsection shall not apply in the case of any alien who is charged with being deportable ... under subsection (a)(11) of this section [drug offenses]."

Thus the subsection providing for a recommendation *includes* specifically only crimes involving moral turpitude. It also specifically *excludes* only drug offenses. The defendant does not seek to be included in the moral turpitude category, but urges that the section by its exclusion of drug offenses is intended to thereby include all other deportable offenses listed in § 1251(a). Hence, the trial judge should have considered on the merits his motion for a recommendation in sentencing for the sawed-off shotgun offense.

Section 1251(a)(4) is the only subsection listing deportable crimes which is referred to in § 1251(b) authorizing the recommendation. The construction of the relationship between the two subsections must start with the proposition that the offenses in § 1251(a)(4) are the only ones subject to a recommendation. They are the only ones mentioned affirmatively in the statute.

The *exclusion* only of drug offenses, added in 1956 as the last sentence of § 1251(b), has no legislative history other than Congress' displeasure with decisions which permitted recommendations in drug offense cases. Thus with the lack of any vagueness or uncertainty created by the addition of the exception as to drugs the original clarity remained. There is presented no basis for a construction of the subsection to include all other deportable offenses. One group—crimes involving moral turpitude—was the only subject of the original subsection with the detailed procedure for a recommendation as to it. To this the drug exception was added.

■ Statutes relating to deportation of aliens are liberally construed in favor of the alien concerned as the deportation penalty can be harsh. *Fong Haw Tan v. Phe-*

*lan,* 333 U.S. 6, 68 S.Ct. 374, 92 L.Ed. 433 (1948). However, the application of this doctrine in the case before us does not lead to the construction sought by appellant.

The Ninth Circuit in *Jew Ten v. I.N.S.,* 307 F.2d 832 (1962), considered the same argument as here advanced by the appellant including the impact of the 1956 exclusion of drug offenses. The court there reached the same conclusion as herein expressed—the recommendation provision is applicable only to offenses described in § 1251(a)(4) and no other deportable offenses. *See also Oviawe v. I.N.S.,* 853 F.2d 1428 (7th Cir.1988); *Delgado–Chavez v. I.N.S.,* 765 F.2d 868 (9th Cir.1985).

In *United States v. Gonzales,* 582 F.2d 1162 (7th Cir.1978), the court upheld the trial court's refusal to consider a recommendation where the offense was not within § 1251(a)(4). There the offense was drug related and thus, of course, expressly excluded, but the issue as to whether the recommendation need be considered at all by the trial judge would there be the same as in the case before us as to non-included offenses.

We have quoted above the words of the trial judge at sentencing on this issue, and again, we construe it as a statement that the suggestion that a recommendation be made did not need to be considered on its merits.

AFFIRMED.