05-3250-ag
Nguyen v. Chertoff

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2006

(Argued: January 31, 2007                    Decided: September 13, 2007)

Docket No. 05-3250-ag

PHONG THANH NGUYEN,

*Petitioner,*

—v.—

MICHAEL CHERTOFF,[1] SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY,
ALBERTO GONZALES, UNITED STATES ATTORNEY GENERAL,

*Respondents.*

Before:

POOLER AND RAGGI, *Circuit Judges*, AND SAND, *District Judge.*[2]

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Department of Homeland Security Michael Chertoff is automatically substituted for former Secretary Thomas Ridge as a respondent in this case.

[2]The Honorable Leonard B. Sand, District Judge for the Southern District of New York, sitting by designation.

Petition for review of an order of the Board of Immigration Appeals holding Nguyen removable under the expanded 1996 definition of aggravated felony, see 8 U.S.C. § 1101(a)(43)(A), despite a judicial recommendation against deportation, see 8 U.S.C. § 1251(b)(2) (1988) (repealed 1990), entered at the time of petitioner's 1989 conviction for the qualifying felony.

GRANTED AND REMANDED.

---

ERIC W. SCHULTZ, Sacks, Kolken & Schultz, Buffalo, New York, *for Petitioner*.

RUSSELL VERBY, Assistant United States Attorney, *for* Terrance P. Flynn, United States Attorney, Western District of New York, Buffalo, New York, *for Respondents*.

---

REENA RAGGI, *Circuit Judge*:

Vietnamese national Phong Thanh Nguyen is a legal permanent resident of the United States who, in 1989, two years after entering this country, pleaded guilty to a disturbing crime: the rape of a five-year-old child. Although Nguyen's rape conviction did not then render him deportable as an aggravated felon pursuant to 8 U.S.C. § 1251(a)(4) (1988), it did render him deportable for the commission of a crime of moral turpitude, see id.[3] A state

---

[3]Because the term "moral turpitude" is undefined by statute, this court has been inclined to defer to the Board of Immigration Appeal's ("BIA's") construction. See Rodriguez v. Gonzales, 451 F.3d 60, 63 (2d Cir. 2006) ("The BIA has explained that the term 'moral turpitude' generally encompasses: 'conduct that shocks the public conscience as being

2

sentencing judge, however, effectively shielded Nguyen from removal on either ground by issuing a judicial recommendation against deportation ("JRAD") pursuant to then existing 8 U.S.C. § 1251(b)(2) (1988) (repealed 1990).[4]

Subsequent to these events, Congress both prospectively repealed the JRAD statute, see Immigration Act of 1990 ("IMMACT"), Pub. L. No. 101-649, § 505, 104 Stat. 4978, 5050, and retroactively expanded the definition of aggravated felony to include, inter alia, the rape of a minor and crimes of violence resulting in a term of imprisonment of at least one year, see Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, § 321(a), 110 Stat. 3009-546, 627-28 (codified at 8 U.S.C. § 1101(a)(43)(A) & (F)). Against the backdrop of these legislative developments, Immigration Judge ("IJ") Phillip J. Montante, Jr., in a decision rendered January 16, 2003, concluded that Nguyen's JRAD did not preclude his deportation as an aggravated felon.

---

inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general. Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically wrong or malum in se, so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude. Among the tests to determine if a crime involves moral turpitude is whether the act is accompanied by a vicious motive or a corrupt mind.'" (quoting Hamdan v. INS, 98 F.3d 183, 186 (5th Cir. 1996))). The conduct that Nguyen pleaded guilty to falls within this definition.

[4]Mindful that Congress has now consolidated what were previously known as deportation and exclusion proceedings into a single category called removal proceedings, see Evangelista v. Ashcroft, 359 F.3d 145, 147 n.1 (2d Cir. 2004); Henderson v. INS, 157 F.3d 106, 111 n.5 (2d Cir. 1998), we use the terms "removal" and "deportation" interchangeably in this opinion.

Nguyen now petitions for review of the April 28, 2004 order of the Board of Immigration Appeals ("BIA") affirming this ruling, as well as the IJ's denial of Nguyen's applications for waiver of deportation under former § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed 1996); asylum; withholding of removal; and relief under the Convention Against Torture ("CAT"). See In re Phong Thanh Nguyen, No. A 27 847 596 (B.I.A. Apr. 28, 2004), aff'g No. A 27 847 596 (Immig. Ct. Buffalo, Jan. 16, 2003).

For the reasons stated herein, we conclude that, while Nguyen is certainly now deportable as an aggravated felon, the relevant statutory texts support his JRAD defense. Accordingly, we grant Nguyen's petition for review, and we remand his case to the BIA with directions that, consistent with this opinion, it give effect to the JRAD. In light of this ruling, we need not discuss Nguyen's other challenges to removal.

## I.    Factual Background

### A.    Nguyen's State Conviction and the Grant of a JRAD

Phong Thanh Nguyen entered the United States as a refugee from Vietnam in 1987. In 1988, he became a legal permanent resident. By guilty plea entered on April 5, 1989, Nguyen was convicted in Massachusetts of the forcible rape of a minor child, the five-year-old daughter of a family friend, in violation of Mass. Gen. Laws Ann. ch. 265 § 22A (1989), and indecent assault and battery of a minor child in violation of Mass. Gen. Laws Ann. ch. 265 § 13B (1989). Because these crimes involved moral turpitude, they rendered Nguyen deportable pursuant to 8 U.S.C. § 1251(a)(4) (1988). In sentencing Nguyen to a ten-year

4

term of imprisonment for the rape and a suspended two-and-one-half-year term of imprisonment for the indecent assault and battery, the presiding state court judge, apparently acting at the behest of the victim's mother, issued a formal judicial recommendation against Nguyen's deportation, in accordance with 8 U.S.C. § 1251(b)(2). The record affords us little further insight into this decision, and this proceeding presents us with no occasion to question the JRAD's merits. Similarly, the record offers no explanation for the fact that Nguyen served only one year of his state prison sentence before being paroled.

B.    Nguyen's Immigration Proceedings

In 1990, Congress repealed the JRAD statute. See IMMACT § 505(a), 104 Stat. at 5050. While the legislation precluded the award of future JRADs, see United States v. Koziel, 954 F.2d 831, 834-35 (2d Cir. 1992) (holding that, after repeal of JRAD statute, sentencing court could not recommend against deportation of alien whose criminal conduct occurred prior to repeal), it did not revoke JRADs such as Nguyen's entered before the statutory repeal, see 8 C.F.R. § 1240.10(d) (providing for continued effectiveness of JRADs entered before November 29, 1990).

Congress subsequently broadened the definition of aggravated felony to include, inter alia, the rape or sexual abuse of a minor and crimes of violence resulting in a term of imprisonment of at least one year. See IIRIRA § 321(a), 110 Stat. at 3009-627-28 (codified at 8 U.S.C. § 1101(a)(43)(A) & (F)). As a result of the retroactive application of this

5

expanded definition, see id. § 1101(a)(43) (discussed infra at **[12-16]**), the Immigration and Naturalization Service ("INS")[5] initiated removal proceedings against Nguyen, alleging that his Massachusetts conviction now qualified him for deportation as an aggravated felon. Nguyen moved to terminate the removal proceedings as precluded by his JRAD. Alternatively, he applied for a waiver of removal under former INA § 212(c), as well as for asylum, withholding of removal, and CAT protection.

The IJ denied Nguyen's requested relief, finding that the IIRIRA amendments rendered him deportable as an aggravated felon despite his JRAD. The BIA affirmed this decision, holding that, while Nguyen's JRAD remained effective to bar his deportation for a crime of moral turpitude, IIRIRA's retroactive expansion of the definition of aggravated felony effectively created a new ground for removal not covered by the JRAD.

C.    Nguyen's Federal Court Action

In May 2004, Nguyen attempted to challenge the INS order of removal by filing a petition for a writ of habeas corpus in the United States District Court for the Western District of New York. Pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, § 106(a),

---

[5]Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, § 441, 116 Stat. 2135, 2193 (codified at 6 U.S.C. §§ 202(3), 251), the INS was dissolved and responsibility for enforcing federal immigration laws passed to the Bureau of Immigration and Customs Enforcement. See United States v. Shitian Wu, 419 F.3d 142, 146 n.3 (2d Cir. 2005). Nevertheless, because the removal proceedings here at issue commenced under INS authority, on this petition for review we reference only that agency as the authority for the challenged government action.

6

119 Stat. 231, 310 (codified at 8 U.S.C. § 1252(a)(5)), the district court transferred the petition to this court, where we converted it to the pending petition for review.

## II.    **Discussion**

### A.    Jurisdiction and Standard of Review

Jurisdiction in this case depends on 8 U.S.C. § 1252.  While that statute generally strips federal courts of jurisdiction to review final orders of removal based on an alien's commission of an aggravated felony, see id. § 1252(a)(2)(C), it maintains their jurisdiction to resolve constitutional challenges and questions of law, see id. § 1252(a)(2)(D); Xiao Ji Chen v. United States Dep't of Justice, 471 F.3d 315, 324 (2d Cir. 2006), including "questions of law raised in petitions for review of removal orders based on aggravated felony convictions," Vargas-Sarmiento v. United States Dep't of Justice, 448 F.3d 159, 164 (2d Cir. 2006).  The phrase "questions of law" encompasses, inter alia, questions of statutory interpretation.  See Juana De La Rosa v. United States Dep't of Homeland Sec., 489 F.3d 551, 554 n.2 (2d Cir. 2007); Bugayong v. INS, 442 F.3d 67, 72 (2d Cir. 2006).  Among such questions are an alien's statutory eligibility for removal and relief from removal.  See Lewis v. Gonzales, 481 F.3d 125, 128 (2d Cir. 2007); Sepulveda v. Gonzales, 407 F.3d 59, 62-63 (2d Cir. 2005).  Nguyen's petition presents such a question of law because his claim to JRAD relief depends entirely on the interpretation of various provisions of the INA.

We apply de novo review to questions of law raised in petitions for review of removal orders.  See, e.g., Khouzam v. Ashcroft, 361 F.3d 161, 165 (2d Cir. 2004).  Although we

7

generally accord substantial deference to the BIA's reasonable interpretation of the INA, a statute that it is charged with administering, see Abimbola v. Ashcroft, 378 F.3d 173, 175 (2d Cir. 2004), see also Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844 (1984), no such deference is warranted where, as in this case, the challenged BIA decision is unpublished, see Mizrahi v. Gonzales, 492 F.3d 156, 158 (2d Cir. 2007) (noting that "unpublished BIA decisions do not constitute agency interpretations of law warranting Chevron deference"), and, in any event, the text of the statute is clear, see Kruse v. Wells Fargo Home Mortgage, Inc., 383 F.3d 49, 55 (2d Cir. 2004).

B.    Nguyen's JRAD Bars His Deportation on the Ground that His Massachusetts Conviction Now Qualifies as an Aggravated Felony

The resolution of this petition turns on the scope of protection afforded by Nguyen's 1989 JRAD. Nguyen submits that his JRAD absolutely shields him from the use of his Massachusetts conviction as a ground for deportation, either as a crime of moral turpitude or an aggravated felony. Respondents assert that Nguyen's JRAD precludes deportation only "on any applicable ground[] for deportation in effect in 1989, to wit, moral turpitude" or an "aggravated felony conviction as defined in 1989." Respondents' Br. at 22 & n.8 (emphasis added). Because Nguyen's crime of conviction was not defined as an aggravated felony in 1989, respondents insist that the expanded 1996 definition of aggravated felony created a new ground of deportability from which the JRAD cannot shield him. In support of this argument, respondents point us to United States v. Yacoubian, 24 F.3d 1, 7 (9th Cir. 1994).

8

For the reasons stated herein, we conclude that neither the statutory text nor <u>Yacoubian</u> supports respondents' argument.

### 1. The Relevant Statutory Texts

The law is well established that statutory construction begins with text because if the language of a statute is "unambiguous," no further inquiry is required. <u>Robinson v. Shell Oil Co.</u>, 519 U.S. 337, 340-41 (1997); <u>accord</u> <u>Mizrahi v. Gonzales</u>, 492 F.3d at 158 (collecting cases). The texts relevant to our analysis fall into three categories: statutes (a) providing for the deportation of aggravated felons, (b) affording relief from deportation on the recommendation of a sentencing judge, and (c) defining "aggravated felonies."

#### a. Statutory Provisions for the Deportation of Aggravated Felons

The INS sought to deport Nguyen on the ground that he was an aggravated felon pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). That section states that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." <u>Id.</u> For purposes of our review, it is important to note that this section is effectively a recodification of 8 U.S.C. § 1251(a)(4)(B) (1988), <u>see</u> <u>Bell v. Reno</u>, 218 F.3d 86, 88 (2d Cir. 2000) (discussing statutory pedigree), which in turn is the section referenced in the JRAD statute to define the scope of its protection, <u>see</u> 8 U.S.C. § 1251(b)(2). <u>See</u> <u>infra</u> at **[11]**.

Congress first identified an aggravated felony conviction as a ground for deportation

9

in the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, 102 Stat. 4181. The relevant provision in effect at the time Nguyen's JRAD was entered, read as follows:

> Any alien in the United States . . . shall, upon the order of the Attorney General, be deported who . . . [(A)] is <u>convicted of a crime involving moral turpitude</u> committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial; or . . . (B) is <u>convicted of an aggravated felony</u> at any time after entry.

8 U.S.C. § 1251(a)(4) (1988) (emphasis added).

In 1990, IMMACT redesignated § 1251(a)(2)(B), without change, as 8 U.S.C. § 1251(a)(2)(A)(iii) (Supp. II 1990).[6] <u>See</u> 104 Stat. at 5080. Then, in 1996, IIRIRA § 305(a)(2), 110 Stat. at 3009-597-98, again redesignated the aggravated felony provision as 8 U.S.C. § 1227(a)(2)(A)(iii). In doing so, Congress made a single change to the statutory text, substituting the word "admission" for the word "entry." <u>Compare</u> 8 U.S.C. § 1251(a)(4)(B) (1988) <u>and</u> <u>id.</u> § 1251(a)(2)(A)(iii) (Supp. II 1990) <u>with</u> <u>id.</u> § 1227(a)(2)(A)(iii) (Supp. II 1996).[7]

---

[6]Section 1251(a)(2)(A)(iii) read: "Any alien who is convicted of an aggravated felony at any time after entry is deportable."

[7]This change was part of the new terminology endorsed by IIRIRA. <u>See</u> 8 U.S.C. § 1101(a)(13)(A) (defining terms "admission" and "admitted" as "the lawful entry of the alien into the United States").

As this statutory development makes plain, since 1988 and through various recodifications, Congress has consistently identified an alien's conviction for an aggravated felony as a ground for deportation.

b.      The JRAD Statute

Until 1990, the INA afforded aliens who received judicial recommendations against deportation an important exception to removal.  This JRAD statute stated:

> The provisions of subsection (a)(4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply . . . if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien shall not be deported, due notice having been given prior to making such recommendation to the representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter.

8 U.S.C. § 1251(b)(2) (1988) (repealed 1990).

At the time of Nguyen's conviction, the referenced "provisions of subsection (a)(4)," as noted earlier, identified two grounds rendering an alien deportable: a conviction for a crime of moral turpitude and a conviction for an aggravated felony.  See id. § 1251(a)(4) (1988).  Section 1251(b)(2) makes plain that these two grounds for deportation "shall not apply" to aliens who receive JRADs.  See Janvier v. United States, 793 F.2d 449, 452 (2d Cir. 1986) (construing § 1251(b)(2) to give "the sentencing judge conclusive authority to decide whether a particular conviction should be disregarded as a basis for deportation"); see also United States v. Yacoubian, 24 F.3d at 6 (recognizing that JRAD must be "'given

11

absolute binding effect upon deportation efforts by the INS' on the basis of [ground specified in] 8 U.S.C. § 1251(a)(4)" (quoting United States v. Bodre, 948 F.2d 28, 34 (1st Cir. 1991))). The text is equally plain, however, that a JRAD protects against deportation only on the grounds specified in § 1251(a)(4). See United States v. Quintana, 914 F.2d 1409, 1411 (10th Cir. 1990) ("[T]he recommendation provision is applicable only to offenses described in § 1251(a)(4) and no other deportable offenses."); Oviawe v. INS, 853 F.2d 1428, 1433 (7th Cir. 1988) ("The plain language of § 1251(b)(2) permits the judicial recommendation to bar deportation only when the deportation is based on § 1251(a)(4)" and does not bar the consideration of aggravated felony conviction "when deportation is based on another statutory provision.").

Thus, in determining the scope of Nguyen's claimed JRAD protection, we must consider whether expansions in the INA's definition of "aggravated felony," particularly those enacted after the 1990 repeal of the JRAD statute, create new and distinct grounds for deportation separate from those articulated in § 1251(a)(4) and incorporated into its successor statutes. For reasons stated in the next section, we conclude that they do not.

c.     The Statutory Definition of "Aggravated Felony"

When, in 1988, the INA first identified an alien's aggravated felony conviction as a ground for deportation, the Act defined aggravated felony to include a relatively small class of crimes: murder, specified drug and firearms offenses, as well as conspiracies and attempts to commit such crimes. See 8 U.S.C. § 1101(a)(43) (1988); Bell v. Reno, 218 F.3d at 88.

12

In 1990, IMMACT added to this list crimes of violence resulting in prison sentences of at least five years. See IMMACT § 501(a)(3), 104 Stat. at 5048 (codified at 8 U.S.C. § 1101(a)(43) (1990)). With the 1996 enactment of IIRIRA, Congress further broadened the definition, identifying a large number of crimes as aggravated felonies, notably, for purposes of our review, rape and the sexual abuse of a minor as well as crimes of violence for which the term of imprisonment is at least one year. See IIRIRA § 321(a), 110 Stat. at 3009-627-28 (codified at 8 U.S.C. § 1101(a)(43)(A) & (F) (Supp. II 1996)). Respondents urge us to view this definitional expansion as creating new grounds for deportation distinct from § 1251(a)(4) and, therefore, not shielded by Nguyen's JRAD.

Respondents' argument is unconvincing for several reasons. First, it conflates the grounds for deportation with the definition of those grounds. The INA distinguishes between these concepts, specifying the grounds that can render an alien deportable in one statutory section and defining those grounds as generally applicable terms in another. Compare 8 U.S.C. § 1227 (listing grounds rendering an alien deportable) with id. § 1101 (providing definitions applicable to the INA, including definition for aggravated felony).[8] This structure easily permits Congress to manifest its intent to create new grounds for deportation simply by adding subsections to § 1227. Accordingly, we have no reason to infer such intent from

---

[8]The same structural distinction between the grounds for deportation and generally applicable definitions existed at the time of Nguyen's 1989 conviction. Compare 8 U.S.C. § 1251 (1988) with id. § 1101 (1988).

13

the broadening of an established ground's general definition.  See generally Dodd v. United States, 545 U.S. 353, 357 (2005) (observing that courts presume that Congress "says in a statute what it means and means in a statute what it says").  Indeed, this conclusion is reinforced by the fact that, at the same time that Congress, in IIRIRA, expanded the definition of aggravated felony, it separately amended § 1227 to create a number of new grounds for deportation.[9]

A second and even more persuasive reason for us to reject respondents' argument is Congress's explicit direction to give retroactive effect to IIRIRA's expanded definition of aggravated felony.  The concluding sentence of 8 U.S.C. § 1101(a)(43) states: "Notwithstanding any other provision of law (including any effective date), the term [aggravated felony] applies regardless of whether the conviction was entered before, on, or after September 30, 1996."  Such retroactive application hardly indicates an intent to create new grounds for deportation distinct from the aggravated felony ground first recognized in 8 U.S.C. § 1251(a)(4).  Rather, retroactive application signals Congress's intent to have a

---

[9]Among these is a new subsection rendering deportable any alien "convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment."  IIRIRA § 350, 110 Stat. at 3009-639-40 (codified at 8 U.S.C. § 1227(a)(2)(E)(i) (Supp. II 1996)) (emphasis added).  See generally In re Rodriguez-Rodriguez, 22 I. & N. Dec. 991, 996 (B.I.A. 1999) (noting that child abuse has been broadly defined to include "any form of cruelty to a child's physical, moral or mental well-being" (quoting Black's Law Dictionary 239 (6th ed. 1990))).  Congress appears not to have intended this new deportation ground to apply to aliens such as Nguyen because, by its terms, it is limited "to convictions . . . occurring after the date of the enactment of this Act," i.e., after September 30, 1996.  See IIRIRA § 350(b), 110 Stat. at 3009-640.

14

single expanded definition for aggravated felony apply uniformly to all INA provisions, regardless of their effective dates. See generally Kuhali v. Reno, 266 F.3d 93, 110-11 (2d Cir. 2001) (construing IIRIRA amendments to definition of aggravated felony to apply retroactively to petitioner's 1980 conviction); see also Bell v. Reno, 218 F.3d at 89 (construing IIRIRA amendments to apply retroactively to petitioner's conviction for sexual abuse of a minor). In short, we conclude that the expanded definition applies equally to determining an alien's deportability under 8 U.S.C. § 1227(a)(2)(A)(iii) and to determining the scope of JRAD protection afforded by 8 U.S.C. § 1251(a)(4) & (b). In Nguyen's case, this means that, just as respondents may rely on IIRIRA's expanded definition of aggravated felony to argue petitioner's deportability on that ground, petitioner may rely on the same definition to claim JRAD protection from deportation on that ground.

Had Congress intended for "aggravated felony" to have different meanings in these two contexts, one would expect it to have stated that IIRIRA's definitional amendments applied retroactively except to the extent such application expanded previously afforded JRAD relief. We may assume, after all, that Congress was aware of the administrative rule giving continued effect to existing JRADs when it mandated retroactive application of the expanded 1996 definition of aggravated felony. See generally Lorillard v. Pons, 434 U.S. 575, 580-81 (1978); 1A Norman J. Singer, Statutes and Statutory Construction § 22.35, at 409-10 (6th ed. 2002). Our conclusion casts no doubt on Congress's existing power to define what will subject an alien to removal and to enact such changes retroactively. See, e.g., INS

15

v. St. Cyr, 533 U.S. 289, 325 n.55 (2001); Kuhali v. Reno, 266 F.3d at 111; United States v. Koziel, 954 F.2d at 834. Congress's clear authority to change its mind is, nevertheless, constrained by the statutory language it employs. Because Congress placed no JRAD limit on its retroactive definition of aggravated felony, neither the BIA nor this court may do so.

### 2. *Yacoubian* Does Not Support the Agency Decision

Respondents' reliance on the Ninth Circuit's decision in United States v. Yacoubian, 24 F.3d 1, to support the BIA's rejection of Nguyen's JRAD defense merits little discussion. The case is plainly distinguishable.

The "new ground" that rendered Yacoubian deportable despite his earlier receipt of a JRAD was not any definitional expansion of the moral turpitude or aggravated felony grounds specified in 8 U.S.C. § 1251(a)(4), but, rather, a ground for which JRAD relief has never been available, i.e., a conviction for unlawfully possessing or carrying "any firearm or destructive device" as defined by federal law, 8 U.S.C. § 1251(a)(2)(C) (Supp. II 1990) (recodified at id. § 1227(a)(2)(C) (Supp. II 1996)). See United States v. Yacoubian, 24 F.3d at 6. We agree that, if Nguyen's Massachusetts conviction supported deportation on any § 1227 ground other than moral turpitude or aggravated felony, he too could not claim JRAD protection. See United States v. Quintana, 914 F.2d at 1411; Oviawe v. INS, 853 F.2d at 1431. But that is not this case. Nothing in Yacoubian presumes to address the JRAD effect of a retroactive expansion in the definition of aggravated felony, a ground for deportation that has long qualified for JRAD relief. For reasons already discussed, we conclude that the

16

retroactive redefinition simultaneously expands the aggravated felony ground for deportation and the scope of JRAD protection from deportation on that ground.

## III.  **Conclusion**

To summarize, we conclude that Nguyen's 1989 Massachusetts conviction for the rape of a minor qualifies as an aggravated felony under IIRIRA's expanded definition of that term.   Nevertheless, because this expanded definition applies retroactively to all INA provisions without regard to their effective dates, we conclude that, at the same time that the definition renders Nguyen deportable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii), it affords him protection from deportation as an aggravated felon pursuant to 8 U.S.C. § 1251(a)(4) & (b) in light of his JRAD.

Accordingly, Nguyen's petition for review is GRANTED and his case is REMANDED to the BIA with directions that the agency give effect to his JRAD consistent with this opinion.