**Zaharia GJICALI, et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, et al.,[1] Respondents.**

**No. 07–1017–ag.**

United States Court of Appeals, Second Circuit.

Jan. 15, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Zaharia Gjicali, Astoria, N.Y., pro se.

Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioners, natives and citizens of Albania, seek review of a February 28, 2007 order of the BIA affirming the January 21, 2005 decision of Immigration Judge ("IJ") Vivienne Gordon–Uruakpa denying Zaharia Gjicali's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[2] *In re Gjicali, Zaharia,* No. A 78 601 374 (B.I.A. Feb. 28, 2007), *aff'g* No. A 78 601 374 (Immig. Ct. N.Y. City, Jan. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

---

**2.** Zaharia Gjicali's daughters, Kalina Gjicali and Areta Gjicali, were included as derivative applicants on their father's application.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Phong Thanh Nguyen v. Chertoff,* 501 F.3d 107, 111 (2d Cir.2007); *Edimo–Doualla v. Gonzales,* 464 F.3d 276, 281 (2d Cir.2006).

■ As a preliminary matter, the record does not contain Gjicali's brief to the BIA, and it is unclear whether he ever properly filed one. The absence of any indication of what Gjicali argued before the BIA raises exhaustion concerns. *See* 8 U.S.C. § 1252(d) (stating that this Court "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"); *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 118–20 (2d Cir.2007) (concluding that statutory jurisdiction does not depend on issue exhaustion). Nonetheless, we may proceed because Gjicali's arguments are "plainly without merit." *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 338 n. 2 (2d Cir.2006) ("Our assumption of jurisdiction to consider first the merits is not barred where the jurisdictional constraints are imposed by statute, not the Constitution, and where the jurisdictional issues are complex and the substance of the claim is, as here, plainly without merit.").

■ Substantial evidence supports the IJ's determination that Gjicali failed to demonstrate that he was persecuted on account of his political opinion, or any other protected ground, as required for asylum and withholding eligibility. *See* 8 U.S.C. § 1101(a)(42). Gjicali failed to allege that the armed men who caused a car accident and demanded money from him were motivated by his political opinion, imputed or actual, or any other protected ground. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005) (emphasizing that "[t]he applicant must also show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief"). Likewise, the record supports the IJ's observation that Gjicali did not establish that he was victimized on account of his political opinion in either of two unfortunate childhood incidents or two other incidents in which dynamite was thrown at his house. In his testimony, Gjicali did not allege that the individuals who victimized him in any of these incidents did so on account of a protected ground.

As to a 1997 incident in which Gjicali was allegedly beaten by individuals after a political debate, even assuming a nexus to Gjicali's political opinion, the record supports the IJ's finding that Gjicali did not demonstrate that the Albanian government was unable or unwilling to protect him where he never sought redress from the government. *See Ivanishvili,* 433 F.3d at 342 (noting that "private acts may be persecution if the government has proved unwilling to control such action"). Accordingly, the IJ's denial of Gjicali's asylum claim was not in error.

■ Because the record supports the IJ's nexus finding, the denial of both asylum and withholding was not in error where both were based on the same factual predicate. *See Wu Biao Chen v. INS,*

344 F.3d 272, 276 (2d Cir.2003). As such, we need not reach the IJ's finding that Gjicali found a "safe haven" in Greece. *Cf.* 8 U.S.C. § 1158(b)(2)(A)(vi); *Sall v. Gonzales*, 437 F.3d 229, 234 n. 6 (2d Cir.2006).

██ Finally, as to Gjicali's claim for CAT relief, the IJ correctly found that none of the evidence in the record supports a finding that Gjicali is more likely than not to be tortured if removed to Albania.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.