**YAN YUN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 05–5984–ag.

United States Court of Appeals, Second Circuit.

March 14, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Lin Li, Law Offices of Fengling Liu, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; M. Jocelyn Lopez Wright, Assistant Director; Jem C. Sponzo, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Yan Yun Chen, a native and citizen of China, seeks review of a October 18, 2005 order of the BIA, affirming the March 18, 2004 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Yun Chen*, No. A79 814 622 (B.I.A. Oct. 18, 2005), *aff'g* No. A79 814 622 (Immig. Ct. N.Y. City Mar. 18, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Chen failed to exhaust before the BIA her challenge to the IJ's denial of her applications for withholding or removal and CAT relief. However, since the BIA considered them on appeal, we consider these claims exhausted. *See Theodoro-poulos v. INS,* 358 F.3d 162, 171 (2 Cir.2004)(discussing 8 U.S.C. § 1252(d) and noting that this Court must make sure that the agency has "a full opportunity to consider a petitioner's claims before they are submitted for review by a federal court").

■ Chen argues, for the first time here, that she is eligible for withholding of removal and CAT relief as she will likely be persecuted and tortured for speaking against China's family planning policy to the United States government. This argument has not been exhausted and will not be considered here. Although we do "not limit the petitioner 'to the exact contours of his argument below' in determining whether the petitioner exhausted the issue, the issue raised on appeal must be either a 'specific, subsidiary legal argument[ ]' or 'an extension of [an] argument ... raised directly before the BIA.' " *Steevenez v. Gonzales,* 476 F.3d 114, 117 (2d Cir.2007) (quoting *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005)).

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisput-

ed fact. *See, Nguyen v. Chertoff,* 501 F.3d 107, 111 (2d Cir.2007); *Edimo–Doualla v. Gonzales,* 464 F.3d 276, 282 (2d Cir.2006).

■ The agency did not err in finding that Chen failed to establish eligibility for asylum. The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 216 (BIA 1985). A valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse. *Beskovic v. Gonzales,* 467 F.3d 223, 226 n. 3 (2d Cir.2006) (citing *Tian–Yong Chen v. U.S. INS,* 359 F.3d 121, 128 (2d Cir.2004)). In order to consti-tute persecution, the alleged harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). Although a "minor beating. may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground," *Beskovic,* 467 F.3d at 226 (internal quotation marks omitted), Chen's testimony that family planning officials grabbed her hair and damaged her household goods does not describe harm or suffering that rises to the level of persecution. *See Ivanishvili,* 433 F.3d at 340–41. As such, the agency reasonably concluded that Chen failed to establish past persecution, and she was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.16(b)(1).

■ Chen further challenges the agen-cy's determination that she failed to estab-lish a well-founded fear of future persecu-tion. However, the BIA could and did rely (in part), on the fact that Chen's parents remain unharmed in China in finding that any fear of future persecution was not objectively reasonable. *See Melgar de*

*Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). Moreover, Chen waives any challenge to the agency's finding that she failed to provide reasonably available corroborating evidence in support of her claim of a well-founded fear of persecution. *See Diallo v. INS,* 232 F.3d 279, 290 (2d Cir. 2000). For these reasons, the agency did not err in finding that Chen failed to establish a well-founded fear of future persecution. As such, the agency reasonably denied Chen's asylum and withholding of removal claims. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (noting that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim).

■ Finally, Chen challenges the agency's denial of her application for CAT relief. She argues that the background evidence in the record demonstrates that it is more likely than not that she will be imprisoned and tortured by Chinese government officials on account of her illegal departure from that country. An applicant cannot demonstrate that she is more likely than not to be tortured "based solely on the fact that she is part of the large class of persons who have left China illegally" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *see also Pierre v. Gonzales,* 502 F.3d 109, 118–19 (2d Cir.2007) (holding that beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained). As Chen provided no basis for the IJ to conclude that she, or someone in her "particu-

lar alleged circumstances," faces a risk of torture, substantial evidence supports the agency's denial of Chen's CAT claim. *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED.