Prel PEPUSHAJ, Shaqe Pepushaj,
Petitioners,

v.

Michael B. MUKASEY,[1] United States Attorney General, Respondent.

No. 07–4406–ag.

United States Court of Appeals,
Second Circuit.

June 13, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Saul C. Brown, New York, NY, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioners, natives and citizens of Albania, seek review of a September 14, 2007 order of the BIA affirming the May 1, 2006 decision of Immigration Judge ("IJ") Alan Page, which denied their application for asylum and denied Prel Pepushaj's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Prel Pepushaj, Shaqe Pepushaj*, Nos. A97 391 278/279 (B.I.A. Sept. 14, 2007), *aff'g* Nos. A97 391 278/279 (Immig. Ct. N.Y. City May 1, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the ground for denying relief on which the BIA declined to rely. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA found that the IJ's adverse credibility determination was not clearly erroneous but declined to reach the IJ's alternate burden findings. Accordingly, we review the IJ's adverse credibility determination as supplemented by the BIA, but not the IJ's alternate burden findings. *See id.*

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See Nguyen v. Chertoff,* 501 F.3d 107, 111 (2d Cir.2007); *Edimo–Doualla v. Gonzales,* 464 F.3d 276, 281 (2d Cir.2006).

As an initial matter, although Petitioners are challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134–35 (2d Cir.2006).

We conclude that the agency's adverse credibility determination is supported by substantial evidence. The record supports the IJ's identification of discrepancies between Prel Pepushaj's testimony and other evidence in the record, including his asy-

lum application, airport interview, the testimony of his wife, and documentation offered to support his claim. Contrary to petitioners' contentions, not all of these inconsistencies were minor. Some concerned key facts about the three instances of his alleged mistreatment by the police as well as the circumstances of his flight from Albania, which were events at "the heart of his asylum claim." *Belortaja v. Gonzales,* 484 F.3d 619, 626 (2d Cir.2007) (internal quotation marks omitted); *see also Zhou Yun Zhang v. INS,* 386 F.3d 66, 77 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc) (emphasizing that fact-finder "might reasonably expect [applicant] to have had a clear recollection" of "event of major importance"). Moreover, given the sheer number of identified inconsistencies between the different accounts in the record, the IJ could reasonably conclude that, taken as a whole, the claim was not credible. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–107 (2d Cir.2006) ("[A]n IJ need not consider the centrality vel non of each individual discrepancy or omission .... [but] can instead rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence." (internal quotation marks omitted)).

Finally, having appropriately concluded that Petitioners did not establish eligibility for asylum, the IJ properly determined that Pepushaj necessarily did not satisfy the higher burden of proof for his withholding of removal claim, which shared the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Because Petitioners failed to raise a CAT claim in their brief to this Court, we deem it abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005)

(emphasizing that issues not sufficiently argued in the briefs are considered waived and ordinarily will not be addressed on appeal).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.