**Rafiq Lalani MOHAMMED, Petitioner,**

**v.**

---

**Eric H. HOLDER Jr.,\* United States Attorney General, Respondent.**

**No. 08–4600–ag.**

United States Court of Appeals, Second Circuit.

Sept. 16, 2009.

Andrew Chow, New York, NY, for Petitioner.

Nairi Samonian, Attorney, Office of Immigration Litigation, Civil Division (Tony West, Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director, Office of Immigration Litigation, Civil Division, Jessica Sherman, Attorney, Office of Immigration Litigation, Civil Division on the brief), Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI and JOSÉ A. CABRANES, Circuit Judges, GERARD E. LYNCH, District Judge.\*\*

## SUMMARY ORDER

Petitioner Rafiq Lalani Mohammed ("petitioner" or "Mohammed"), a native and citizen of India, appeals from a final removal order by the Board of Immigration Appeals ("BIA") of August 21, 2008. Petitioner argues that the BIA erred when it denied his application to adjust status on the ground that the BIA lacks jurisdiction over the adjustment application. We assume the parties' familiarity with the facts and procedural history of this case.

We review legal and constitutional questions decided by the BIA *de novo. See Nguyen v. Chertoff,* 501 F.3d 107, 111 (2d Cir.2007).

Petitioner argues that the BIA's reasoning in affirming the IJ's denial of adjustment of status was unresponsive to the relief he sought, *see Sheng Gao Ni v. BIA,* 520 F.3d 125 (2d Cir.2008), in that it simply noted the IJ's lack of jurisdiction to grant adjustment of status, and failed to recognize that regulations promulgated after the IJ's decision permitted arriving aliens to seek adjustment by applying to the USCIS. Petitioner argues that the BIA should have remanded the matter to the IJ with instructions to stay the removal proceedings to permit him to make such an application. However, petitioner never asked the BIA for such relief; he simply appealed the IJ's own decision, which de-

---

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Eric H. Holder is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

nied petitioner's application for lack of jurisdiction.

Accordingly, although the BIA erred in citing a superseded regulation, 8 C.F.R. § 1245.1(c)(8), the BIA's decision affirming the IJ was both correct, in that the jurisdictional bar remains intact, *see* 8 C.F.R. § 1245.2(a)(*l*)(ii), and fully responsive, in that the IJ lacked jurisdiction to consider petitioner's application for adjustment of status, and petitioner requested no other relief. Under these circumstances, the BIA did not err in dismissing petitioner's appeal.

We note, however, that under the regulations now in effect (and in effect at the time of the BIA's decision) petitioner *is* eligible to apply to the USCIS for adjustment. *See* 8 C.F.R. § 245.2(a)(1). It is not clear that the BIA, which cited only the prior regulation, was aware of this possibility. Accordingly, while the petition for review is denied, we grant petitioner's motion for a stay of removal to allow petitioner to file a proper motion to reopen with the BIA, if he wishes to do so, in order to permit him to proceed with an application to the USCIS for adjustment of status. Of course, we intimate no view on the timeliness or merits of any such motion.

## CONCLUSION

For the foregoing reasons, the petition for review is **DENIED**. The pending motion for a stay of removal in this petition is **GRANTED**. The stay shall be in effect from the date of entry of this order until December 1, 2009 to allow petitioner to proceed to file a proper motion to reopen with the BIA, if he wishes to do so, in order to permit him to proceed with an application to USCIS for adjustment of status. If petitioner files such a motion on or before that date, the stay shall continue

in effect until the BIA decides any such motion to reopen.