*Allen v. Barr*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3ʳᵈ day of January, two thousand twenty.

PRESENT:   JOSÉ A. CABRANES,
             JOSEPH F. BIANCO,
                      *Circuit Judges*,
             CHRISTINA REISS,
                      *District Judge.*\*

---

ROGER GAIRY CHRISTOPHER ALLEN, AKA ROGER ALLEYNE, AKA RONALD ALLEN, AKA RAYAN KOWLESSEAR, AKA RONALD WALTERS, AKA ROGER GAIRY ALLEN,

        *Petitioner,*                18-3028

        v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

        *Respondent.*

---

\* Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

| **FOR PETITIONER:** | TIMOTHY W. HOOVER, Hodgson Russ LLP, Buffalo, NY. |
|---|---|
| **FOR RESPONDENT:** | JOHN F. STANTON (Joseph H. Hunt and Keith McManus, *on the brief*), Trial Attorney, *for* William P. Barr, United States Attorney General, Washington, D.C. |

Appeal from a September 19, 2018 order of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be **GRANTED**, the order of the Board of Immigration Appeals be **VACATED**, and removal proceedings against petitioner be **TERMINATED**.

Petitioner Roger Allen ("Allen") challenges the Board of Immigration Appeals' ("BIA") affirmance of removal proceedings against him, initiated by order of the Department of Homeland Security ("DHS"). Specifically, Allen argues that such proceedings should be halted because he is a United States citizen. He argues that the BIA wrongly concluded he was not a citizen because they erred in finding that his mother—a non-citizen who divorced his father in 1976—had legal custody of him in 1983, when Allen's father naturalized. He contends that, in fact, his father had legal custody of him at that time and that, as a result, he derived United States citizenship from his father—as the Government has since concluded his sister did—under then-applicable immigration law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We apply *de novo* review to questions of law raised in petitions for review of removal orders." *Phong Thanh Nguyen v. Chertoff*, 501 F.3d 107, 111 (2d Cir. 2007). "To determine whether an alien obtained derivative citizenship through a parent's naturalization, we look to the law in effect when [petitioner] fulfilled the last requirement for derivative citizenship." *Gil v. Sessions*, 851 F.3d 184, 186 (2d Cir. 2017) (internal quotation marks omitted).

In this case, the law in effect when Allen allegedly fulfilled the last requirement for derivative citizenship was the law in effect in 1983—the year in which his father naturalized. Under the relevant portion of the Immigration and Nationality Act ("INA") then in force, "[a] child born outside of the United States of alien parents . . . becomes a citizen of the United States upon . . . [t]he naturalization of the parent having legal custody of the child when there has been a legal separation of the parents" so long as the child is also "under the age of eighteen years" and "is residing in the United States pursuant to a lawful admission for permanent residence at the time of naturalization." INA § 321(a)(3)-(5). Since it is uncontested that Allen was under the age of eighteen

in 1983 and that he was lawfully residing in the United States then, the only question is whether his father, as opposed to his non-citizen mother, had "legal custody" over him.

"'Legal custody' is a matter of federal law." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 95 (2d Cir. 2011). We have previously noted that decisions about legal custody, "in contrast" to "[d]ecisions about the marital relationship [which] tend to be final" are instead "fluid and frequently change depending on the parents' situations and well-being." *Id.* at 96. Although we still look first at any relevant state judicial determinations of legal custody in a given case, we are not bound by those initial determinations. Indeed, we have stated that state judicial determinations of custody may be modified even without going to state court. In determining legal custody for INA purposes, we do not "[r]equir[e] a formal act to change custody." *Id.* Instead, we look to the circumstances— including "mere agreement[s]"—at the time that the alleged custodial parent naturalized. *Id.*

We rely on several "indicators" in order to make custody determinations. *Id.* at 97. "Two predominant indicators of actual uncontested custody are (i) the child's physical residence, and (ii) consent to custody by the non-custodial parent." *Id.* (internal quotation marks omitted). Additional indicators of custody are derived from the state law in existence at the time of naturalization. *Id.* at 95 (noting that "we often look to state law for a rule of decision").

Applying these indicators to the instant case, we conclude that Allen's father did, in fact, have legal custody over Allen in 1983.

*First*, as the Government does not contest, Allen began physically residing with his father in 1983, within weeks of his father's naturalization. Allen relocated to Brooklyn in June and enrolled in high school there while still under the age of eighteen.

*Second*, Allen moved in with his father with the "consent" of his "non-custodial parent"—his mother. Such consent was made explicit in a 1979 agreement between Allen's mother and father in which they transferred custody to Allen's father. That agreement, notarized in New York County, effectively abrogated any earlier custody order (including the 1976 divorce decree which had initially given Allen's mother custody). It was precisely the kind of agreement we said would be sufficient in *Garcia* to transfer custody between parents.

*Third*, that very agreement would have been recognized as sufficient under New York law in 1983 had New York courts been asked to determine the custody of Allen at that time. As the First Department noted in 1964, courts in New York "will, as a general rule, enforce an agreement between a husband and wife regarding custody of children so long as the agreement is in the best interests and welfare of the children." *Sheets v. Sheets*, 22 A.D.2d 176, 178 (N.Y. App. Div. 1964). In 1982, the New York Court of Appeals further noted that "an agreement as to which parent should have custody" would have "[p]riority . . . as a weighty factor" in considering which parent should

3

retain custody. *Eschbach v. Eschbach*, 56 N.Y.2d 167, 171 (N.Y. 1982). There is much reason to believe, as a result, that the 1979 agreement would have been enforced in Allen's home courts in New York at the time of his father's naturalization.

Accordingly, given the existence of these factors indicating that Allen's father had legal custody, we conclude that Allen derived citizenship from his father in 1983, under the terms of the INA. Allen is a United States citizen by operation of law.

## CONCLUSION

For the foregoing reasons, we **GRANT** the petition for review, **VACATE** the order of the Board of Immigration Appeals, and **TERMINATE** removal proceedings against petitioner.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk